**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

---

|  |  |  |
|---|---|---|
| FELLOWES, INC., | ) ) ) | **Civil Action No.: _____** |
| Plaintiff, | ) ) | **JURY TRIAL REQUESTED** |
| vs. | ) ) ) | |
| ACCO BRANDS CORP. | ) ) | |
| Defendant. | ) ) | |

---

## COMPLAINT

Plaintiff, FELLOWES, INC. ("FELLOWES") alleges as follows:

### PARTIES

1.      FELLOWES was founded in Chicago, Illinois in 1917 with the now famous Bankers Box® records storage boxes.  As the workspace evolved so did FELLOWES, expanding into new categories and introducing innovative products, including the first personal shredder.

2.      From its founding in Chicago, FELLOWES has expanded over the years into the United Kingdom, Canada, Australia, France, Germany, Italy, The Netherlands, Poland, Spain, Singapore, Japan, Korea, China and Russia.

3.      FELLOWES is the global leader in paper shredder design and engineering, providing high quality personal and general office business shredders on the market.

4.      As a result of FELLOWES' continuous product development efforts, it has invented a number of shredder improvements, including those in U.S. Patent Nos. 8,020,796, 7,631,822, 7,631,823, 6,978,954, 7,226,009, 7,025,293, and 7,963,468, which relate to

FELLOWES' 100% Jam-Proof® technology, shredder bin level sensing, or shredder ergonomics.

5.      In 2005, FELLOWES introduced SafeSense® technology for shredders.

6.      In 2008, FELLOWES introduced the 100% Jam-Proof® technology for shredders.

7.      Defendant ACCO BRANDS CORPORATION ("ACCO") is a corporation existing under the laws of Delaware with a principal place of business at 300 Tower Parkway, Lincolnshire, Illinois, 60069.

8.      ACCO's principal place of business is in the Northern District of Illinois.

9.      ACCO, among other things, designs, manufactures, and sells shredders for use in the disposal of paper, other paper products, compact discs, and like materials.

10.      ACCO markets and sells the shredders to one or more retail customers that sells them in the United States and elsewhere.

## JURISDICTION AND VENUE

11.      This is an action for patent infringement arising under the United States patent laws, 35 U.S.C. §§ 1 *et seq.*

12.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338.

13.      This Court has personal jurisdiction over Defendants pursuant to at least 735 ILCS § 5/2-209 *et seq.* and the Due Process Clause of the Fourteenth Amendment of the United States Constitution.

14.      Venue properly lies in this district pursuant to at least 28 U.S.C. §§ 1391 and 1400(b).

<u>**PATENTS-IN-SUIT**</u>

15.     United States Patent No. 8,020,796 (" '796 patent") is entitled "SHREDDER

THICKNESS WITH ANTI-JITTER FEATURE."

16.     The '796 patent issued on September 20, 2011.

17.     A copy of the '796 patent is attached as **Exhibit A**.

18.     The first page of the '796 patent indicates that the assignee of the '796 patent is

FELLOWES.

19.     The '796 patent is assigned to FELLOWES.

20.     FELLOWES is the owner of the '796 patent.

<u>**FACTS**</u>

21.     On information and belief, ACCO manufactures, imports into the United States,

solicits sales, or sells shredders in the United States, including within the Northern District of

Illinois.

22.     On information and belief, ACCO imports into the United States, solicits sales,

and sells shredders, including within the Northern District of Illinois.

23.     On information and belief, ACCO distributes shredders throughout the United

States, including within the Northern District of Illinois.

24.     On information and belief, shredders from ACCO are currently being sold or

offered for sale in the Northern District of Illinois.

25.     On information and belief, ACCO is selling and/or importing shredders labeled

Swingline EX10-06 10 Sheet Cross-Cut shredder ("EX10-06") in the United States.

26.     The ACCO EX10-06 contains a feature to prevent paper jamming while

shredding.

27.    The ACCO EX10-06 contains a feature ("Jam Free feature")  to prevent paper jamming while shredding and ACCO markets that feature as "Non-stop Jam Free."

28.    On information and belief, the ACCO EX10-06 Jam Free feature includes a sensor.

29.    On information and belief, the ACCO EX10-06 Jam Free feature includes a sensor in the paper feed area.

30.    On information and belief, the ACCO EX10-06 Jam Free feature includes a sensor in the paper feed area that measures the thickness of the batch of paper about to be shredded.

31.    On information and belief, the ACCO EX10-06 Jam Free feature provides a signal to not start the motor when the batch of paper to be shredded exceeds a predetermined maximum capacity threshold.

32.    On information and belief, the ACCO EX10-06 Jam Free feature uses red and green lights to indicate when the shredder reaches feed capacity in order to prevent jams before they occur.

33.    On information and belief, the ACCO EX10-06 provides a signal to illuminate a red light when the predetermined maximum capacity threshold is exceeded, before the motor is started.

34.    On information and belief, the ACCO EX10-06 Jam Free feature does not prevent shredding once the motor is started even if the number of sheets to be shredded exceeds the predetermined maximum capacity threshold.

35.    ACCO warns that when using the EX10-06 shredder "by attempting to force

4

paper down the front or back of the batch of paper that is being pulled into the machine, you can jam the shredder."

36.     On information and belief, a substantial part of the events and damages giving rise to this action occurred in the Northern District of Illinois.

37.     On information and belief, Defendants have established contacts with the forum and purposefully availed themselves of this jurisdiction by committing and continuing to commit acts of patent infringement in the Northern District of Illinois, and elsewhere in the United States.

## COUNT I – PATENT INFRINGEMENT OF U.S. PATENT NO. 8,020,796

38.     FELLOWES incorporates paragraphs 1 through 37 above by this reference, as though fully set forth herein.

39.     On information and belief, ACCO has directly infringed the '796 patent by making, using, importing, offering for sale, and/or selling in the United States, including to customers in the Northern District of Illinois, shredders covered by one or more claims of the '796 patent.

40.     On information and belief, ACCO has directly infringed the '796 patent by making, using, importing, offering for sale, and/or selling in the United States at least the ACCO EX10-06 model.

41.     On information and belief, ACCO's infringement of the '796 patent has been and continues to be deliberate, and such infringement will continue unless ACCO is enjoined by this Court.

42.     ACCO is a competitor of FELLOWES in the shredder market.

43.     As a consequence of ACCO's infringement complained of herein, FELLOWES has been damaged and will continue to sustain damages by such acts in an amount to be determined at trial and will continue to suffer irreparable loss and injury.

### PRAYER FOR JUDGMENT AND RELIEF

WHEREFORE, FELLOWES respectfully requests judgment and relief as follows:

(a)     Pursuant to 35 U.S.C. § 271, a determination that Defendants directly infringe claims of the patents-in-suit;

(b)     Pursuant to 35 U.S.C. § 283, an order that Defendants and those in privity with them be preliminarily and permanently enjoined from infringing the patents-in-suit through the manufacture, use, import, offer for sale, and/or sale of infringing shredders;

(c)     Pursuant to 35 U.S.C. § 284, an award of damages adequate to compensate FELLOWES for infringement of the patents-in-suit, together with prejudgment interest, costs and disbursements as fixed by the Court;

(d)     An award of pre- and post-judgment interest as permitted; and

(e)     Such other and further relief as the Court deems equitable and just.

### DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues.


Dated: November 15, 2011                    FELLOWES, INC.


                                            /s/ *Peter John Shakula*
                                            Peter John Shakula, II (#6204370)
                                            pjshakula@woodphillips.com
                                            WOOD PHILLIPS
                                            500 West Madison Street, Suite 3800
                                            Chicago, Il  60661-2562
                                            Tel:  312.876.1800
                                            Fax:  312.876.2020

Pending admission by pro hac vice:
William P. Atkins
william.atkins@pillsburylaw.com
Robert M. Fuhrer
robert.fuhrer@pillsburylaw.com
PILLSBURY WINTHROP SHAW
  PITTMAN LLP
1650 Tysons Blvd.
McLean, VA  22102
Tel:  703.770.7900
Fax:  703.770.7901


**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the 15th day of November, 2011, I caused a copy of Fellowes, Inc.'s **COMPLAINT** to be filed by electronic filing.  Notice of filing will be sent to all counsel by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.


*/s/Peter J. Shakula*
Peter J. Shakula II